IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CHRISTINE LEWIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )    1:03cv161 (JCC) |
| | ) |
| FIELD AUTO CITY, INC. | ) |
| | ) |
|     Defendant. | ) |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's motion to confirm an arbitration award. For the reasons stated below, the Court will grant Plaintiff's motion.

### **I. Background**

This case arises out of the purchase of an automobile by Plaintiff, Christine Lewis, from Field Auto City, Inc., ("Field"). Field is an automobile dealership in Alexandria, Virginia, that sells both new and used cars.

In January 2002, Lewis went to Field to purchase a used Ford Windstar. Because Plaintiff had previously filed for bankruptcy, Field informed Plaintiff that although she was approved for financing, as a condition she would need to get a letter from the bankruptcy trustee authorizing the down payment and monthly payments. On February 6, 2002, Plaintiff informed Defendant that she had done so. At that time, the parties

-1-

entered into a retail installment sales contract and a buyer's order.  Plaintiff took possession of the car immediately.  Lewis made three payments, and received three temporary certificates of ownership from the dealer.  After three months, Field informed Lewis that her credit was denied and demanded return of the vehicle.  Plaintiff subsequently brought suit against Field.

On April 23, 2003, the Court ordered arbitration pursuant to the binding arbitration clause on the back of the buyer's form.  Defendant, Field Auto City, requested arbitration, moved to compel arbitration, yet failed to participate or pay any of the fees involved in the arbitration process after being properly noticed.

Plaintiff was awarded $50,240.00 from the arbitration and Defendant has failed to pay.  Plaintiff now comes to this Court on a motion to confirm the arbitration award.

## II. Standard of Review

Pursuant to 9 U.S.C. § 9, this Court has the power to enter judgment on an award made as a result of arbitration.  Section 9 provides that, if the parties have agreed that a judgment of the court shall be entered upon the award pursuant to the arbitration, a party may "apply to the court so specified for an order confirming the award" within one year, and "the court must grant such an order unless the award is vacated, modified, or corrected. . ." 9 U.S.C. § 9 (2006).

### III. Analysis

At issue in this motion is whether this Court should confirm Plaintiff's arbitration award of $50,240.00. According to 9 U.S.C. § 9, a court *must* enter an order confirming an arbitration award if: (1) the parties agreed in the arbitration agreement that judgment may be entered by a court; (2) the award has not been vacated, modified, or corrected; and (3) the moving party has requested the confirmation within one year of the award. 9 U.S.C. § 9 (2006).

In this case, Plaintiff's motion meets all necessary requirements of 9 U.S.C. § 9 and the award should be confirmed. First, the arbitration agreement explicitly states that the arbitration award may be entered as a judgment in "any court having jurisdiction." Second, Plaintiff has moved to confirm the award within one year of the award being granted (awarded April 3, 2006). Third, Defendant has not moved to vacate, modify, or correct the award within the applicable three-month time limit under 9 U.S.C. § 10, and thus, the award has not been vacated, modified, or corrected.[1] In sum, this motion to confirm the arbitration award meets all the requirements of 9 U.S.C. § 9. Accordingly, the motion will be granted and this Court will enter

---

[1] In fact, Neither Defendant nor his counsel attended the hearing on the instant motion on September 15, 2006.

judgment in the amount of $50,240.00, consistent with the arbitrator's award for this matter. (Ex. A).

## IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion to confirm the arbitration award. An appropriate order will issue.

September 15, 2006  _____/s/_____
Alexandria, Virginia              James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE